HAU, APPELLANT, *v.* THE REGISTRAR OF PROPERTY, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of San Juan, Section 2, Denying Admission to Record of a Contract of Sale.

No. 191.—Decided June 27, 1914.

RECORD OF TITLE—ATTACHMENT—PROHIBITION TO ALIENATE—SALE OF PROPERTY PRIOR TO ATTACHMENT.—The entry in the registry of property of a writ of attachment and prohibition to alienate decreed by a court to secure the effectiveness of judgment does not prevent the recording of the sale of the property attached made in a public instrument executed prior to said attachment, although said instrument is presented in the registry of property after the entry of the attachment.

The facts are stated in the opinion.
*Mr. E. H. F. Dottin* for the appellant.
Mr. José Benedicto, the registrar, appeared by brief *pro se.*

MR. JUSTICE ALDREY delivered the opinion of the court.

By a public deed executed before Notary Eugenio Benítez Castaño in the city of San Juan, Porto Rico, on April 17, 1914, José Lozada Avilés and his wife, Manuela Méndez Torres, sold to Oscar Hau Thomas a property situated in the municipal district of Vega Alta containing 34 *cuerdas* of land, of which only 20 *cuerdas* were recorded.

At 9.40 a. m. on the following day, April 18, a notice of attachment issued by the Marshal of the Municipal Court of Vega Baja on the day before was presented in the registry of property for the entry of the writ of attachment and prohibition to alienate which the Municipal Court of Vega Baja had issued against José Lozada in an action brought against him by Cándido Méndez to secure the execution of a deed. A few days later, or on April 23, the aforesaid deed of sale, which had been executed on the 17th of the same month, was presented in the registry of property for admission to record.

The registrar refused to admit the deed to record for the reason set forth in the decision from which the present administrative appeal was taken, which decision reads as follows:

"The admission to record of the foregoing document is denied because the property has entered against it a notice of attachment to secure the effectiveness of a judgment with prohibition to alienate decreed in an action brought by Cándido Méndez against José Lozada in the Municipal Court of Vega Baja. Its admission to record is also denied as to 14 *cuerdas* because they are not recorded in the name of the vendor. A cautionary notice in favor of the purchaser has been entered for the period fixed by law on folio 145 of volume 1 of Vega Alta, property number 26, record letter B. San Juan, P. R., May 7, 1914."

The only question raised by the appellant in this case is that the registrar should not have refused to admit the property to record in so far as regards the 20 *cuerdas* which are recorded on account of the fact that when the deed was presented in the registry there had been presented therein on the day after the execution of the deed of sale a writ of attachment against the property prohibiting its alienation. Although the registrar in his brief maintains that the judgment relied on by the appellant, which judgment was rendered by this court in the case of *La Sociedad Española de Auxilio Mutuo v. Rossy,* 17 P. R. R., 77, is not applicable, neverthe-

less we are of the opinion that the cases are parallel and, therefore, that the doctrine laid down in that case is applicable to the present appeal.

In the case cited, when Rossy had a certain property recorded in the name of the sisters Mollfulleda and in April, 1907, entered of record the writ of attachment and prohibition to alienate which he had obtained in an action against the said sisters, they had sold the said property to Juana Ramos a year before, or on April 16, 1906, and when, subsequent to the attachment, Juana Ramos presented her title deed in the registry, which deed, as stated, was made to her in 1906, the registrar recorded it notwithstanding the notice of attachment and prohibition to alienate, and also recorded two sales which she had made of portions of the property to other persons. When, after the termination of the action in which Rossy had obtained the attachment, the property was advertised for sale at public auction, the purchasers brought an action to prevent the sale and this action was decided in their favor and the decision was affirmed by this court. In that case, among other things, the court said:

"Had the estate in question really belonged to the Mollfulledas at the time or after the cautionary notice was obtained by the appellant, said notice would have produced its legal effects; but when the notice was entered the estate no longer belonged to the Mollfulledas, for which reason it was wholly ineffective.

. . "The appellant cannot be considered a third party, nor can his case be regulated by the principles governing double sales of realty. He had, and has, only a personal action against the Mollfulledas, and not a real action against the estate which had belonged to them. The fact of the cautionary notice cannot, by itself, convert a personal action into a real action.

"The fact that the estate was recorded in the registry in favor of the Mollfulledas and immediately thereafter a cautionary notice was entered of the action for the recovery of fees brought against them by the appellant cannot destroy nor even affect the rights of the plaintiffs and appellees in respect to said estate, rights which were acquired by virtue of a purchase and sale previously effected

and confirmed in a public document, even if said purchase and sale had not been recorded in the registry at the time the cautionary notice was entered.''

That case and this are similar and, following the principles therein laid down, we must say now that the appellant acquired title to the property by virtue of a public deed of bargain and sale executed prior to the presentation in the registry of the writ of attachment and prohibition to alienate and, according to the Civil Code, said deed is effective against third parties from the time it was executed. Although the said sale was not recorded in the registry when the cautionary notice of attachment and prohibition to alienate was entered, the latter could affect only conveyances made after the entry of the notice of attachment in the registry.

For the foregoing reasons the decision of the registrar should be reversed as to the denial of admission to record of the 20 *cuerdas* of the property recorded in the registry.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.